### No. 384

No. 18618—A. R. Mueller, doing business as A. R. Mueller Printing Co. v. Culver Eyman, a minor, etc. Error to the Court of Appeals of Cuyahoga County.

JONES, J.

1283. WORKMEN'S COMPENSATION — Minor 14 yrs. and 7 mos. old, working for hire is an employe, deemed sui juris, and after having received compensation from Commission, cannot recover against employer.

Under the provisions of Sections 1465-61 and 1465-93, General Code, enacted in 108 Ohio Laws, 316, 324, a minor 14 years and 7 months of age, working for hire and injured when those sections were in effect, is an employe and if the latter has complied with the Workmen's Compensation Act is deemed sui juris for the purposes of the act. Such minor, having applied for and received compensation from the Industrial Commission under the act cannot thereafter maintain an action for damages against such employer.

Judgment of the Court of Appeals reversed and that of the common pleas court affirmed.

Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 385

No. 18794—Thomas Hanna v C W Stoll. Error to the Court of Appeals of Cuyahoga county.

MATTHIAS, J.

923. PLEADING—In negligence case, rejection of unpleaded city ordinance of traffic regulations, as evidence, held to be error.

829. NEGLIGENCE — As to burden of proof being on defendant to show that plaintiff's negligence was approximate cause of collision and injuries, and also as to alleging and proving by either party of negligence of other party.

1. In the trial of an action for damages resulting from the collision of motor vehicles at a city street intersection, the petition having averred that negligence of the defendant in the operation of his motor bus caused the collision and resulting injuries, and the defendant by answer having denied negligence upon his part and asserted that plaintiff's injury resulted solely from his own negligence, the rejection of duly enacted and existing ordinances of the city constituting its traffic regulations, tendered by the defendant, which there was evidence tending to show defendant observed and plaintiff disregarded, is error though such ordinances were not pleaded by the defendant.

2. Where impairment of earning capacity is pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, and in the absence of any evidence upon the subject it cannot properly be submitted to the jury as an element of damages.

3. In the submission of an issue joined as above stated it is error prejudicial to the de-

fendant to instruct the jury that "the burden of proof is upon the defendant to prove the negligence of the plaintiff and to prove that the negligence of the plaintiff was the proximate cause of the collision and the proximate cause of the injuries, if any, plaintiff suffered;" and also that "negligence on the part of either party must be alleged by the other party and must be proven by the party alleging it by a preponderance of the evidence."

Judgment reversed.

Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 386

No. 18654—The Pittsburgh, Cincinnati, Chicago & St. Louis Ry Co. v Edmund O. Luthy, Administrator, etc. Error to the Court of Appeals of Hamilton County.

1235. VERDICT, Directed — Where both plaintiff and defendant move for directed verdict, to sustain plaintiff's motion without passing upon defendant's and directing verdict for plaintiff, if there are disputed questions, is error.

MATTHIAS, J.

Where, at the close of all the evidence submitted in the trial of a case which presents a jury issue, a motion is made by the defendant for a directed verdict, and thereupon a like motion is made by the plaintiff, and the court, without passing upon the defendant's motion, announces that the plaintiff's motion is sustained, and immediately, without affording the defendant any opportunity whatever to request a withdrawal of his motion and a submission of the case to the jury, directs the jury to return a verdict for the plaintiff, it appearing that there were disputed questions of fact, such action constitutes error prejudicial to the defendant, warranting a reversal of the judgment based upon a verdict so returned.

Judgment reversed.

Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.